AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 20-MJ-7108
)
A BLACK SAMSUNG DIGITAL VIDEO RECORDER, )
MODEL NO. SDR-C5300N, S/N ZBJ9690G1011KEX, )
LOCATED AT 900 E. LINTON AVE., SPRINGFIELD, IL )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the _____Central_____ District of _____Illinois_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1341 | Mail Fraud. |

The application is based on these facts:
See attached affidavit of FBI Special Agent Eric Thomas, incorporated herein by reference.

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/ Eric Thomas
*Applicant's signature*

FBI Special Agent Eric Thomas
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: August 18, 2020

s/ Eric Long
*Judge's signature*

City and state: Monticello, IL

HON. ERIC I. LONG, U.S. MAGISTRATE
*Printed name and title*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK SAMSUNG DIGITAL VIDEO RECORDER, MODEL NO. SDR-C5300N, S/N ZBJ9690G1011KEX, LOCATED AT 900 E. LINTON AVE., SPRINGFIELD, ILLINOIS | Case No. 20-MJ-7108 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Eric Thomas, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been since January 2019. I am assigned to the Champaign Resident Agency of the Springfield Division and work primarily health care fraud and complex financial crime matters. I have received training regarding financial crime matters, including investigation violations including Title 18, United States Code, Section 1341 (Mail Fraud). Prior to becoming a Special Agent, I was employed as an Environmental Scientist.

3. This affidavit is intended to show only that there is sufficient probably cause for the requested warrant and does not set forth all of my knowledge about this matter.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a black in color Samsung digital video recorder, model number SDR-C5300N, serial number ZBJ9690G1011KEX, hereinafter the "Device," and more particularly described in Attachment A. The Device is currently located within the FBI Springfield Evidence Control Room, 900 E. Linton Ave., Springfield, IL 62703.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

### Probable Cause

6. On March 15, 2019, Champaign County Sheriff's Office Investigator Tim Beckett went to Lucky Star Food and Liquor (hereinafter referred to as "Lucky Star") at 2108 East University Avenue, Urbana Township, Champaign County, Illinois (hereinafter referred to as 2108 E. University Ave.") where he spoke with employee, Jayashreeben Patel (hereinafter referred to as "J. Patel"). Investigator Beckett's purpose for going to the aforementioned address was to investigate a complaint he had received on a previous date from Investigator Christopher Main from the Wake County Sheriff's Office in North Carolina. Investigator Main advised he had a victim in his jurisdiction that in February 2019, sent two (2) separate cash payments totaling $20,500 (U.S.

Currency) to 2108 E. University Ave., where the victim spoke with several different people by phone as part of a scam.

7. The scam was in reference to a tech company contacting the victim to invest, so the company could move to a new building. Investigator Main later sent Investigator Beckett the shipping receipts which showed one package shipped on February 12, 2019 to "Rosy Wilson" at 2108 E. University Ave., and the other package sent on February 19, 2019 to "Elisa Nicole" at 2108 E. University Ave. During Investigator Beckett's conversation with J. Patel on March 15, 2019, she denied any knowledge of receiving packages containing money addressed to the business' address. J. Patel also stated that the business's (Lucky Star) video surveillance would only save for four (4) days at a time, so there would be no video of the packages being delivered in February (2019). Investigator Beckett provided his business card to J. Patel and asked her to call if any packages arrived.

8. On May 8, 2019, Sergeant Jeff Vercler of the Champaign County Sheriff's Office spoke with Deputy Don Yoak of the Garland County Sheriff's Office located in Hot Springs, Arkansas, who advised Sergeant Vercler that he (Deputy Yoak) had a victim in his jurisdiction that sent $9,800 cash (U.S. Currency) by United Parcel Service (UPS) to 2108 E. University Ave. as part of a scam. Sergeant Vercler learned from Deputy Yoak that the victim was contacted by a "company" offering to help improve the security on his computer. The victim allowed the "company" to remotely login to his computer and then convinced him to buy security software for $100. The scammers gained access to the victim's credit card and bank information, which resulted in the scammers taking money

from the victim's credit card account and depositing into his bank account. The scammers told the victim they had accidentally deposited too much money in his bank account, and the best way to resolve it would be for him to withdraw cash from his bank account and send it to 2108 E. University Ave.

9. On May 8, 2019, Sergeant Vercler went to 2108 E. University Ave., while Champaign County Sheriff's Office Deputy J.P. Reifsteck went to UPS at 2809 North Lincoln Avenue in Urbana and made phone contact with a UPS Delivery Driver.

10. Deputy Reifsteck learned the following from a UPS Delivery Driver: On May 8, 2019 at 9:40am he delivered a package to Lucky Star at 2108 E. University Ave. Upon his arrival the front door of the building was locked, so he knocked on the door. A few moments later, a female from inside the building, unlocked the door. He handed her the package after she signed for it on his electronic device. He identified the aforementioned individual as foreign, and said he had delivered packages to her on multiple occasions in the past two (2) weeks at the Lucky Star.

11. Deputy Reifsteck advised that UPS shipping records indicated "Patel" had signed for the package on that date (May 8, 2019).

12. On May 8, 2019, Sergeant Vercler arrived at 2108 E. University Ave., and met with Lucky Star employee, J. Patel who was the only employee working in the store at that time. Sergeant Vercler asked J. Patel if UPS had dropped off any packages this morning. J. Patel handed Sergeant Vercler an unopened package that she advised was lying outside the front door when she arrived to work at 9:00 a.m. along with Investigator Beckett's business card (that was provided to her on March 15, 2019). Sergeant Vercler

advised the aforementioned package was sent from Scottsdale, Arizona and addressed to "Rose Williams" at the Lucky Star's address, which Sergeant Vercler knew was not the package from Arkansas that he was referring to.

13.  Sergeant Vercler advised that J. Patel continued to deny a package being delivered to her this morning. Sergeant Vercler asked J. Patel if she could access the Lucky Star's camera system in an attempt to see if someone intercepted the package and signed her name. Sergeant Vercler advised after multiple attempts to review the video it appeared that all of the video cameras stopped recording at 8:32 a.m. that morning (May 8, 2019).

14.  On May 8, 2019, J. Patel provided consent to search the Lucky Star. Investigator Beckett asked J. Patel if he could speak with the owner of the Lucky Star. J. Patel provided Investigator Beckett a phone with a male who advised he was the owner, Rutul Patel (hereinafter referred to as "R. Patel"). R. Patel advised he was in Chicago and provided Investigator Beckett consent to search the Lucky Star over the phone.

15.  During the consent search of the Lucky Star, Investigator Beckett located a large amount of cash (U.S. Currency) that was in a black plastic bag inside a turquoise colored bag. The aforementioned bag with the large amount of cash was located in a small area in between the wall and the desk which had the store's video surveillance equipment on it. Investigator Beckett stated the small aforementioned area was being covered by a wood object, which he believed was an attempt to conceal the location.

16.  Through the investigation Investigator Beckett was in contact with Nebraska Attorney General's Office Investigator Jake Brennan. While at the Lucky Star,

Investigator Beckett called Investigator Jake Brennan, who advised he had a victim in Nebraska who sent almost $20,000 ($19,500) on the previous date (May 7, 2019) to "Patricia Jones" at 2108 E. University Ave. as part of a scam. While speaking with Investigator Brennan, Investigator Beckett was advised that Sergeant Vercler located a packing label in the store from Nebraska. Investigator Beckett confirmed with Investigator Brennan that it was the same packing label sent from his victim.

17.     R. Patel provided consent to take possession of the Lucky Star's video surveillance system (A black in color Samsung digital video recorder, serial number ZBJ9690G1011KEX, model number SDR-C5300N), which Champaign County Sheriff's Office Investigator Dwayne Roelfs collected. This video surveillance system is the "Device" identified in Attachment A.

18.     Investigator Beckett stated that through his experience, he knew the Lucky Star at 2108 E. University Ave to contain multiple cameras, to include camera angles that capture video of both the inside and outside of the front door of the business.

19.     Based on these facts, it is reasonable to assume the Subject Device contains evidence of violations of Title 18, United States Code, Section 1341, mail fraud.

20.     Champaign County Sheriff's Investigator Tim Beckett contacted the FBI to request assistance with the investigation and the FBI opened an investigation.

21.     The Subject Device is currently in the lawful possession of the FBI. It came into the FBI's possession in the following way: Investigator Beckett obtained a Search and Seizure Warrant from the State of Illinois, In the Circuit Court of the Sixth Judicial Circuit, Champaign County on May 16, 2019, and collected the Subject Device. On May 26, 2020,

FBI Special Agent Brian Schenkelberg met with Investigator Beckett and collected the Subject Device. Since the receipt of the device on May 26, 2020, it has remained in the secure custody of the FBI.

22. Therefore, while the FBI might already have all necessary authority to examine the Subject Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Subject Device will comply with the Fourth Amendment and other applicable laws.

23. The Device is currently in storage within the FBI Springfield Evidence Control Room, 900 E. Linton Ave., Springfield, IL 62703. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the FBI.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

1. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

2. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when.

There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

  e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

 3. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

 4. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

5. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

s/ Eric Thomas

Eric Thomas
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements
of Fed. R. Crim. P. 4.1 by reliable electronic means, namely by telephone
on August __18th__, 2020.

s/ Eric Long

Eric I. Long
United States Magistrate Judge

## Attachment A

The property to be searched is a black in color Samsung digital video recorder, model number SDR-C5300N, serial number ZBJ9690G1011KEX, hereinafter the "Device". The Device is currently located within the FBI Springfield Evidence Control Room, 900 E. Linton Ave., Springfield, IL 62703.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, Section 1341 (Mail Fraud) and involve Jayashreeben Patel, including:

   a. Audio and visual depictions of individuals within Lucky Star Food and Liquor located at 2108 East University Avenue, Urbana, Illinois, handling packages between January 2019 and May 16, 2019.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody

and control of attorneys for the government and their support staff for their independent review.